IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRYON F. BEAULIEU,**

    **Plaintiff,**

v.

**JO ANNE B. BARNHART,
Commissioner of Social
Security,**

    **Defendant.**

CV 04-6272-BR

**OPINION AND ORDER**

**KATHRYN TASSINARI
ROBERT BROWN**
Cram, Harder, Wells & Baron
474 Willamette, Suite 200
Eugene, OR 97401
(541) 686-1969

    Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**VIKASH CHHAGAN**
Acting Regional Chief Counsel, Seattle, Region X
**DAVID J. BURDETT**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-2522

>Attorneys for Defendant

**BROWN, Judge.**

>Plaintiff Bryon F. Beaulieu seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Beaulieu's protective application for Disability Insurance Benefits (DIB).  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

>This matter is now before the Court on the Commissioner's Motion to Remand for further administrative proceedings (#16).  Beaulieu seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

>Following a thorough and careful review of the record, the Court **REVERSES** the Commissioner's decision, **GRANTS** the Commissioner's Motion, and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

**ADMINISTRATIVE HISTORY**

Beaulieu filed his application for DIB on August 25, 2001. The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on October 7, 2003. At the hearing, Beaulieu was represented by an attorney, and Beaulieu and a vocational expert (VE) testified.

The ALJ issued a decision on January 30, 2004, in which he found Beaulieu was not entitled to benefits. That decision became the final decision of the Commissioner on June 21, 2004, when the Appeals Council denied Beaulieu's request for review.

**BACKGROUND**

**I.    Beaulieu's Testimony**

Beaulieu was born on October 20, 1949, and was 54 years old at the time of the hearing. Tr. 1081.[1] He completed high school and has an associate's degree. Tr. 1083. Beaulieu's past relevant work was as a police officer, a police detective, and a carpenter's helper. Tr. 1123.

Beaulieu served in the United States Army between May 1, 1968, and April 1970. Tr. 1083. Beaulieu testified he worked in munition ordinance storage in Camron Bay, Vietnam, while he was

---

[1] Citations to the official transcript of record filed with the Commissioner's Answer on November 18, 2004, are referred to as "Tr."

3 - OPINION AND ORDER

in the Army, and he ran four-to-six convoys to various other locations in Vietnam. Tr. 1085-86. Beaulieu testified he had problems with post-traumatic stress disorder (PTSD) after he returned from Vietnam, but he did not seek treatment until after he was involved in a shooting as a police officer in 1999. Tr. 1087. Beaulieu testified his involvement in the shooting was "the straw that broke the camel's back." Tr. 1089. After the incident, Beaulieu "couldn't deal with people. I couldn't deal with the job. I couldn't deal with what was going on emotionally with me." Tr. 1089.

Beaulieu reported he also suffers from coronary heart disease, but he has not had any stent placements or bypass surgeries. Tr. 1096. Beaulieu further testified he was diagnosed with fibromyalgia in the late 1970s or early 1980s, but he could not recall the name of the doctor who diagnosed him. Tr. 1097. Beaulieu reported he has migraine headaches three or four times per month. Tr. 1111. Beaulieu testified he can stand 15 to 20 minutes and sit for 15 to 20 minutes before his back and neck start to hurt. Tr. 1097-98. Beaulieu stated he could walk two blocks before he was out of breath and he could lift 20 pounds. Tr. 1098-99. Beaulieu testified he has had these limitations for "fifteen or eighteen years." Tr. 1099. Beaulieu reported he has not been able to read very well for seven or eight years and has to "read the same paragraph six or seven

times to figure out what's being said." Tr. 1113-14.

Beaulieu also testified he spends approximately an hour a day on the computer. Tr. 1100. Beaulieu stated he vacuums and makes the bed daily, helps his wife with the cooking three times per week, and occasionally spends 15 to 20 minutes working on plans in his wood shop. Tr. 1101. Beaulieu reported he has hunting and fishing licenses, and he went hunting or fishing twice in the year prior to the hearing. Tr. 1103. Beaulieu testified he drives to the post office and grocery store daily. Tr. 1105.

**II. Medical Evidence**

Except when noted, Beaulieu does not challenge the ALJ's summary of the medical evidence. Beaulieu, however, contends the ALJ improperly rejected some medical evidence and failed to apply proper legal standards when he weighed the evidence and made his decision.

After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-21.

**STANDARDS**

A claimant is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less

than 12 months." 42 U.S.C. § 423(d)(1)(A). The initial burden of proof rests on the claimant to establish his disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F.3d at 1039. The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, however, even if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

## **DISABILITY ANALYSIS**

I. **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the

6 - OPINION AND ORDER

meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. § 416.920(d). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also*

Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. § 416.920(e), (f). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(f)(1).

## II. The ALJ's Decision

The ALJ found Beaulieu had not performed any substantial gainful activity since August 2000. Tr. 25. The ALJ determined Beaulieu has "psychological impairments." Tr. 20. The ALJ further determined Beaulieu had bilateral carpal tunnel syndrome, an occluded right coronary artery, and a history of migraines. Tr. 20-21. The ALJ, however, found these impairments do not meet

or equal the listed impairments.  Tr. 21.

The ALJ determined Beaulieu had an RFC to perform a reduced range of light and sedentary exertional work that involves no more than brief interactions with co-workers or the public. Tr. 23.  The ALJ further found Beaulieu was precluded from work that would require Beaulieu to understand, to remember, or to follow detailed instructions.  Tr. 24.  The ALJ concluded Beaulieu could perform work as a small products assembler, a laundry folder, and an electronics worker.  Tr. 25.

## DISCUSSION

Beaulieu contends the ALJ erred when he (1) rejected Beaulieu's subjective symptom testimony, (2) did not address the opinions of several of Beaulieu's treating and examining physicians, and (3) failed to credit the findings of the Veterans' Administration (VA).  The Commissioner contends the ALJ did not err when he rejected Beaulieu's subjective symptom testimony.  The Commissioner, however, agrees the ALJ did not appropriately review the opinions of Beaulieu's treating and examining physicians or findings of the VA.

**I.   The ALJ's Rejection of Beaulieu's Testimony**

Beaulieu alleges the ALJ erred when he failed to give clear and convincing reasons for rejecting Beaulieu's testimony.

"If the ALJ finds that the claimant's testimony as to the

9 - OPINION AND ORDER

severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas,* 278 F.3d at 958.

The ALJ identified inconsistencies between Beaulieu's testimony and the medical record and, as a result, found Beaulieu's testimony regarding his ability to work was not credible. Tr. 20-21. For example, the ALJ noted Beaulieu underwent psychological evaluations by Eugene Klecan III, M.D., and Ronald Turco, M.D., and both doctors concluded Beaulieu did not have PTSD. Tr. 604, 611. Both doctors also noted Beaulieu's MMPI results were invalid. In fact, Dr. Klecan reported Beaulieu's MMPI results were "so wildly abnormal as to be invalid. Such a response would be compatible with . . .

obviously and most probabl[y] here, gross embellishment and over-endorsing." Tr. 632.

Beaulieu testified he was unable to concentrate sufficiently to read books for the last seven or eight years, but Dr. Klecan reported in February 2001 that Beaulieu was "absorbed in a book . . . . [Beaulieu] used to love to read science fiction, but gave it up for about 20 years, and has now resumed his previous interest." Tr. 610, 1113-14. Beaulieu also testified he can only work in his shop 15-20 minutes occasionally, stand or sit only 15-20 minutes at a time, and walk only two blocks. Dr. Klecan, however, reported in February 2001 that in the prior year, Beaulieu had

> taken up . . . a major house remodeling project at home, building his wife a room add-on. . . . He has converted [a] two story shop into an upstairs bedroom which he said is big enough for a sitting room, adding a deck and french doors. His wife helped with the drywall, he taught her how and now she is proficient. He and she began this do-it-yourself project in February of last year, and it is now almost finished . . . .

Tr. 609.

On this record, the Court finds the ALJ adequately explained his reasons for finding Beaulieu's not credible. The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of Beaulieu's testimony.

11 - OPINION AND ORDER

## II. The ALJ Did Not Appropriately Review the Opinions of Some of Beaulieu's Treating and Examining Physicians or the VA's findings.

The ALJ credited the findings of Drs. Klecan and Turco. The ALJ, however, did not address any of the findings or opinions of any of Beaulieu's other treating or examining physicians or the VA's findings.

It is well-settled that "greater weight is afforded to the opinion of a treating physician than to that of [a] non-treating physician, because the treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Ramirez v. Shalala*, 8 F.3d 1449, 1453 (9th Cir. 1993)(internal quotations omitted). A treating physician's opinion is controlling when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent" with other evidence of record. 20 C.F.R. § 404.1527(d)(2). When a treating physician's opinion is not entitled to controlling weight, the ALJ must give "specific, legitimate reasons" for rejecting it if that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When the opinion of the treating physician or other medical expert is uncontroverted, the ALJ must give "clear and convincing reasons" before rejecting such an opinion. *Id*. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

12 - OPINION AND ORDER

The ALJ must also give "specific, legitimate reasons" for rejecting the opinion of an examining physician when that opinion conflicts with another physician's opinion or with evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When an ALJ rejects the opinion of an examining psychologist, he is required to state "clear and convincing reasons" if the opinion is uncontroverted and "specific, legitimate reasons" if the opinion is controverted. *Magallanes*, 881 F.2d at 751. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995).

Here the ALJ did not address numerous treating and examining physicians' opinions. It is unclear whether the ALJ gave weight to these opinions or if he rejected them. If the ALJ intended to reject these opinions, he did not provide specific and legitimate reasons for doing so. The Court is unable to discern from the record whether the ALJ intended to reject the opinions of some of Beaulieu's treating and examining physicians or whether the ALJ merely failed to address their findings.

**III. Remand for Further Proceedings**

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such

>evidence, (2) there are no outstanding issues
>that must be resolved before a determination
>of disability can be made, and (3) it is
>clear from the record that the ALJ would be
>required to find the claimant disabled were
>such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id*. at 1178 n.2.

As noted, the Court finds the ALJ failed to address the opinions of several of Beaulieu's treating and examining physicians as well as the VA's findings. Because these determinations require further development of the record, it is not clear whether an award of benefits is appropriate. Accordingly, the Court concludes remand of this matter for further administrative proceedings is necessary. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)("Generally when a court . . . reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"(quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)(per curiam)). *See also Moisa v. Barnhart*, 367 F.3d 882, 886-87 (9th Cir. 2004).

Based on this record, the Court concludes remand of this matter for further administrative proceedings is appropriate.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner, and **GRANTS** the Commissioner's Motion for Remand (#16). Accordingly, the Court **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 29th day of August, 2005.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

Beaulieu CV 04-6272 O&O.08-29-05.wpd